IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BILLY G. ASEMANI, #339096         *

Plaintiff                          *

v                                  *         Civil Action No. RDB-11-220

                                   *

J. MICHAEL STOUFFER, et al.        *

Defendants
                                 ***

## MEMORANDUM OPINION

Billy G. Asemani's ("Asemani") requests emergency injunctive relief to prevent his assignment to the general prison population. For the following reasons, the court will DENY emergency injunctive relief.

### I. BACKGROUND

Asemani is currently incarcerated at the Maryland Correctional Institution- Hagerstown (MCI-H). Asemani claims that a picture of a rat with his name written on top was placed under his cell door on January 12, 2011. He is unsure who is responsible, but avers "[t]hat act is the ultimate form of categorizing an inmate as a 'snitch.'" Complaint, p. 4, Part III. Asemani states that he showed the picture to prison authorities and he was placed on administrative segregation on January 12, 2011. According to Asemani, on January 14, 2011, a "case management hearing resulted in him being cleared for G. Pop [general population] again." *Id.* Asemani claims that he faces imminent peril as a "snitch" upon his return to the general prison population.

On January 25, 2010, this court considered Asemani's claims that anticipated assignment to the general inmate population and placement in a two-inmate cell posed imminent danger to his mental and physical health and safety, and declined to order emergency injunctive relief. *See*

*Asemani v. Sowers, et al.*, RDB-10-3611 (D. Md.). In that case, Attorney General's Office's show cause response included a verified exhibit indicating that none of Asemani's known enemies is confined at MCI-H. *Id.* at Exhibit 1, OBSCIS Enemies List, p. 1.

## II. STANDARD OF REVIEW

A preliminary injunction is an extraordinary and drastic remedy. *See Munaf v. Geren*, 553 U.S. 674, 689-90 (2008). To obtain a preliminary injunction, a movant must demonstrate: 1) that he is likely to succeed on the merits; 2) that he is likely to suffer irreparable harm in the absence of preliminary relief; 3) that the balance of equities tips in his favor; and 4) that an injunction is in the public interest. *See Winter v. Natural Resources Defense Council, Inc.*, ___ U.S. ___, 129 S.Ct. 365, 374 (2008); *The Real Truth About Obama, Inc. v. Federal Election Commission*, 575 F.3d 342, 346 (4th Cir. 2009), vacated on other grounds, _U.S. _, 130 S.Ct. 2371, 176 (2010), reinstated in relevant part on remand, 607 F.3d 355 (4th Cir. 2010) (per curiam).

Asemani fails to establish that he is likely to suffer irreparable harm without emergency injunctive relief, and the motion for injunctive relief will be denied. He acknowledges that he was placed on administrative segregation after he brought his concerns and the photograph of the rat to prison officials. Case managers considered his concerns and then cleared him for general population assignment. Further, this Court was recently advised that Asemani does not have documented enemies at MCI-H. The daily maintenance of security and order in a correctional institution are "considerations ... peculiarly within the province and professional expertise of corrections officials." *See, e.g., Bell v. Wolfish*, 441 U.S. 520, 540 n. 23, 548 n. 29 (1979). There is no factual or legal basis to support issuance of emergency relief.

2

## III. CONCLUSION

Asemani fails to establish that he is likely to suffer irreparable harm in the absence of preliminary relief, that he will succeed on the merits, or that the balance of equities tips in his favor. A preliminary injunction will be denied. The Court will grant him twenty-eight days to notify the Clerk whether he wants to continue consideration of his claims, amend his claims, or withdraw this case. A separate Order follows.

*February 14, 2011*
DATE

*Richard D. Bennett*
RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE